IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SABRINA PATRICK,                         )
                                         )
      Plaintiff,                      )
                                         )
v.                                       )       Case No. 1:25-cv-05869
                                         )       Honorable John Robert Blakey
ALDI, INC.,                              )
                                         )
      Defendant.                      )

## ANSWER TO COMPLAINT

Defendant ALDI INC.,[1] by its attorneys and pursuant to Federal Rules of Civil Procedure

8 and 12, answers Plaintiff Sabrina Patrick's Complaint and sets forth its affirmative and other

defenses as follows:

## NATURE OF PLAINTIFF'S CLAIMS

### COMPLAINT ¶1:

This lawsuit arises under the Americans with Disabilities Act of 1990, as amended,
("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability,
Defendant's failure to accommodate Plaintiff's disability, and Defendant's retaliation against
Plaintiff for engaging in protected activity under the ADA.

### ANSWER:

ALDI admits that Plaintiff purports to assert claims pursuant to the Americans with

Disabilities Act ("ADA"), but denies that it violated the ADA or otherwise acted unlawfully, and

denies that Plaintiff is entitled to any relief whatsoever. ALDI denies the remaining allegations in

Complaint Paragraph 1.

### COMPLAINT ¶2:

This lawsuit further arises under Illinois common law, seeking redress for Defendant's
retaliatory discharge of Plaintiff's employment in response to Plaintiff's protected activity.

---

[1] Plaintiff has incorrectly named ALDI INC. as ALDI, Inc.

**ANSWER:**

ALDI admits that Plaintiff purports to assert claims under Illinois common law, but denies that it violated Illinois common law or otherwise acted unlawfully, and denies that Plaintiff is entitled to any relief whatsoever. ALDI denies the remaining allegations in Complaint Paragraph 2.

**COMPLAINT ¶3:**

This lawsuit additionally arises under the (820 ILCS 305/) Illinois Worker's Compensation Act, ("IWCA"), for Defendant's termination of Plaintiff's employment in retaliation for her asserting her rights under the IWCA.

**ANSWER:**

ALDI admits that Plaintiff purports to assert claims pursuant to the Illinois Worker's Compensation Act ("IWCA"), but denies that it violated the IWCA or otherwise acted unlawfully, and denies that Plaintiff is entitled to any relief whatsoever. ALDI denies the remaining allegations in Complaint Paragraph 3.

<b><u>JURISDICTION AND VENUE</u></b>

**COMPLAINT ¶4:**

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

**ANSWER:**

ALDI admits that this Court has jurisdiction over Plaintiff's purported claims, but denies that it discriminated or retaliated against Plaintiff, that it violated any law, and that Plaintiff is entitled to any relief whatsoever. ALDI denies the remaining allegations in Complaint Paragraph 4.

**COMPLAINT ¶5:**

Venue of this action properly lies in the Northern District of Illinois Eastern Division pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

**ANSWER:**

ALDI admits that venue is proper in the Northern District of Illinois, Eastern Division, but

denies that it discriminated or retaliated against Plaintiff, that it violated any law, and that Plaintiff

is entitled to any relief whatsoever. ALDI denies the remaining allegations in Complaint Paragraph

5.

**COMPLAINT ¶6:**

This Court has pendent jurisdiction and supplementary jurisdiction of Counts IV and V
through 28 U.S.C. § 1367.

**ANSWER:**

ALDI admits that this Court has jurisdiction over Plaintiff's purported claims, but denies

that it discriminated or retaliated against Plaintiff, that it violated any law, and that Plaintiff is

entitled to any relief whatsoever. ALDI denies the remaining allegations in Complaint Paragraph

6.

<b><u>ADMINISTRATIVE PREREQUISITES</u></b>

**COMPLAINT ¶7:**

All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990,
42 U.S.C. § 12101, *et seq* have occurred or been complied with.

**ANSWER:**

ALDI lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Complaint Paragraph 7.

**COMPLAINT ¶8:**

A charge of employment discrimination on basis of disability and retaliatory discharge was
filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached
hereto as Exhibit "A").

**ANSWER:**

ALDI admits the allegations in Complaint Paragraph 8.

**COMPLAINT ¶9:**

Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**ANSWER:**

ALDI admits the allegations in Complaint Paragraph 9.

## PARTIES

**COMPLAINT ¶10:**

At all times material to the allegations of this Complaint, Plaintiff, Sabrina Patrick, resides in Cook County in the State of Illinois.

**ANSWER:**

ALDI lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint Paragraph 10.

**COMPLAINT ¶11:**

At all times material to the allegations in this Complaint, Defendant, Aldi, Inc., is a corporation doing business in and for Kane County whose address is 1200 North Kirk Road, Batavia, Illinois 60510-1443.

**ANSWER:**

ALDI lacks knowledge or information sufficient to form a belief as to what Plaintiff means by "at all times material to the allegations in this Complaint." ALDI admits the remaining allegations in Complaint Paragraph 11.

**COMPLAINT ¶12:**

Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

**ANSWER:**

ALDI admits that it employed Plaintiff.

4

**COMPLAINT ¶13:**

During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

**ANSWER:**

ALDI admits that it employed Plaintiff. ALDI denies the remaining allegations in Complaint Paragraph 13 because they are vague.

**BACKGROUND FACTS**

**COMPLAINT ¶14:**

Plaintiff was employed by Defendant as a Warehouse Associate in or around February 2023 until her unlawful termination on or about April 29, 2025.

**ANSWER:**

ALDI admits that Plaintiff was employed as a Warehouse Associate from February 21, 2023 to May 2, 2025. ALDI denies the remaining allegations in Complaint Paragraph 14.

**COMPLAINT ¶15:**

Plaintiff has a physical impairment that substantially limits major life activities.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 15.

**COMPLAINT ¶16:**

Specifically, Plaintiff suffers from a torn anterior cruciate ligament ("ACL").

**ANSWER:**

ALDI lacks knowledge or information sufficient to form a belief as to the allegations in Complaint Paragraph 16 and therefore denies same.

**COMPLAINT ¶17:**

This condition can cause symptoms including but not limited to, severe pain, swelling, instability, reduced range of motion, and difficulty bearing weight.

5

**ANSWER:**

ALDI lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint Paragraph 17 and therefore denies same.

**COMPLAINT ¶18:**

Despite Plaintiff's disability, she was qualified to perform the essential functions of her job, with or without reasonable accommodation.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 19.

**COMPLAINT ¶19:**

In May 2023, while performing her duties, Plaintiff sustained her injury, requiring medical attention.

**ANSWER:**

ALDI lacks knowledge or information sufficient to form a belief as to the allegations in Complaint Paragraph 19 because they are vague.

**COMPLAINT ¶20:**

Due to her injury occurring at work, Plaintiff received workers' compensation benefits and went out on a leave to recover.

**ANSWER:**

ALDI admits that, at various times after her May 1, 2023, injury, Plaintiff was on a leave of absence, and that she received workers' compensation benefits due to her work-related injury. ALDI denies the remaining allegations in Complaint Paragraph 20.

**COMPLAINT ¶21:**

Plaintiff returned to work on or around July 29, 2023, determined to continue contributing to her team within the bounds of her medical restrictions.

6

**ANSWER:**

ALDI admits that Plaintiff returned to work from a leave of absence on July 29, 2023.

ALDI lacks knowledge or information sufficient to form a belief about the truth of the remaining

allegations in Complaint Paragraph 21.

**COMPLAINT ¶22:**

After her debilitating injury, Plaintiff was placed under medically prescribed restrictions to ensure her safety and well-being, including limitations on her daily work hours, lifting capacity, and specific physical tasks such as squatting, kneeling, and freezer work.

**ANSWER:**

ALDI admits that, at various times after her May 1, 2023, injury, Plaintiff's health care

provider placed her under several restrictions, including limitations on Plaintiff's lifting/carrying

capacity, squatting, kneeling, climbing, walking longer than one hour, and working in the freezer.

ALDI denies the remaining allegations in Complaint Paragraph 22.

**COMPLAINT ¶23:**

On October 18, 2024, Ms. Patrick submitted updated medical documentation to her employer, clearly outlining her ongoing physical restrictions and an adjustment to her lifting capacity, which was increased to thirty-five (35) pounds.

**ANSWER:**

ALDI admits that it received a completed medical certification form for Plaintiff dated

October 21, 2024, which requested the following restrictions: no squatting, kneeling, climbing; no

walking greater than one hour; no lifting greater than 35 lbs; and no freezer work. ALDI denies

the remaining allegations in Complaint Paragraph 23.

**COMPLAINT ¶24:**

Instead of engaging with Plaintiff in the interactive process in a supportive and constructive manner, Defendant removed her from the work schedule immediately and placed her on an unpaid leave of absence, without any discussion or effort to accommodate her updated restrictions.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 24.

**COMPLAINT ¶25:**

Shockingly, other employees who had similar physical restrictions were allowed to continue working, particularly in "Aisle 1," an area specifically designated for light-duty tasks that would have been suitable for Plaintiff's condition.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 25.

**COMPLAINT ¶26:**

These employees were permitted to perform tasks that did not exceed twenty-five (25) pounds—tasks that would have been easily manageable for Plaintiff given her restrictions.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 26.

**COMPLAINT ¶27:**

Plaintiff had consistently proven her ability to perform well in this area and had the capacity to continue doing so within the limits of her restrictions.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 27.

**COMPLAINT ¶28:**

On November 14, 2024, Ms. Patrick, feeling no other recourse, filed an inquiry with the EEOC, seeking help to resolve the mistreatment she had been enduring.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 28.

**COMPLAINT ¶29:**

Even after reaching out to the EEOC, Ms. Patrick's employer continued to fail in their duty to accommodate her needs, refusing to engage in an interactive process as required by law and ultimately terminating her employment on or about April 18, 2025.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 29.

**COMPLAINT ¶30:**

Defendant claimed that Plaintiff's termination was due to her failure to return to work after six months of unpaid leave, yet it was the employer's refusal to reinstate her that led to this prolonged absence.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 30.

**COMPLAINT ¶31:**

Defendant falsely attributed Plaintiff's termination to her own actions, despite the fact that they had failed to accommodate her physical restrictions.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 31.

**COMPLAINT ¶32:**

Throughout this entire process, Plaintiff endured persistent and unnecessary inquiries from Defendant about her medical restrictions, questions that were invasive, irrelevant, and entirely unnecessary.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 32.

**COMPLAINT ¶33:**

For example, Defendant repeatedly asked questions such as, "What type of squat?" and "What brand or type of cooler or freezer is she unable to work in?"

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 33.

**COMPLAINT ¶34:**

These questions were both unreasonable and insensitive given the clarity of the medical documentation provided.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 34.

**COMPLAINT ¶35:**

Despite this disparate treatment, Plaintiff remained capable of fulfilling her duties, particularly in "Aisle 1," where the physical demands were light and manageable within the scope of her restrictions.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 35.

**COMPLAINT ¶36:**

Defendant effectively denied Plaintiff's request for reasonable accommodation and failed to engage with her in the interactive process to determine the appropriate accommodation, as required by the ADA.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 36.

**COMPLAINT ¶37:**

Defendant unlawfully terminated Plaintiff in retaliation for Plaintiff exercising her rights in seeking medical care she was entitled to under (820 ILCS 305/) Illinois Worker's Compensation Act.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 37.

**COMPLAINT ¶38:**

(820 ILCS 305/) Illinois Worker's Compensation Act states in pertinent part that:

(h) It shall be unlawful for any employer, insurance company or service or adjustment company to interfere with, restrain or coerce an employee in any manner whatsoever in the exercise of the rights or remedies granted to him or her by this Act or to discriminate, attempt to discriminate, or threaten to discriminate against an employee in any way because of his or her exercise of the rights or remedies granted to him or her by this Act.

It shall be unlawful for any employer, individually or through any insurance company or service or adjustment company, to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an

employee because of the exercise of his or her rights or remedies granted to him or her by this Act.

(820 ILCS 305/4) (from Ch. 48, par. 138.4)
(Text of Section from P.A. 101-40 and 102-37)

**ANSWER:**

ALDI admits that Plaintiff has accurately quoted 820 ILCS 305/ of the Illinois Worker's Compensation Act, but denies that it violated the IWCA or otherwise acted unlawfully, and denies that Plaintiff is entitled to any relief whatsoever. ALDI denies the remaining allegations in Complaint Paragraph 38.

**COMPLAINT ¶39:**

Defendant had a duty to refrain from retaliating against Plaintiff following her work injury.

**ANSWER:**

ALDI admits the allegations in Complaint Paragraph 39, but denies any implication that it retaliated against Plaintiff or otherwise acted unlawfully.

**COMPLAINT ¶40:**

Defendant failed in that duty when it terminated Plaintiff based on a false and pretextual rationale after she exercised her rights.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 40.

**COMPLAINT ¶41:**

Ultimately, on or about April 18, 2025, Plaintiff's employment was unlawfully terminated on the basis of her disability and for exercising her protected rights.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 41.

**COMPLAINT ¶42:**

Defendant's actions constitute unlawful discrimination based on disability in violation of the ADA and IWCA.

11

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 42.

**COMPLAINT ¶43:**

The purported justification for termination was unlawful discrimination based on disability or because Defendant perceived Plaintiff as disabled.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 43.

**COUNT I**
**Violations of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

**COMPLAINT ¶44:**

Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

**ANSWER:**

ALDI incorporates by reference its answers to Paragraphs 1-43 as if fully set forth herein.

**COMPLAINT ¶45:**

By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 45.

**COMPLAINT ¶46:**

Plaintiff met or exceeded performance expectations.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 46.

**COMPLAINT ¶47:**

Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

12

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 47.

**COMPLAINT ¶48:**

Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 48.

**COMPLAINT ¶49:**

Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 49.

**COMPLAINT ¶50:**

Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 50.

**COMPLAINT ¶51:**

Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 51.

**COMPLAINT ¶52:**

As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 52.

## COUNT II
### Violation of the Americans with Disabilities Act
### (Failure to Accommodate)

**COMPLAINT ¶53:**

Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

**ANSWER:**

ALDI incorporates by reference its answers to Paragraphs 1-43 as if fully set forth herein.

**COMPLAINT ¶54:**

By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq.*

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 54.

**COMPLAINT ¶55:**

Plaintiff is a qualified individual with a disability.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 55.

**COMPLAINT ¶56:**

Defendant was aware of the disability and the need for accommodations.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 56.

**COMPLAINT ¶57:**

Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 57.

**COMPLAINT ¶58:**

Plaintiff's reasonable accommodations that were requested was not an undue burden on Defendant.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 58.

**COMPLAINT ¶59:**

Defendant did not accommodate Plaintiff's disability.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 59.

**COMPLAINT ¶60:**

Plaintiff is a member of a protected class under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.,* due to Plaintiff's disability.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 60.

**COMPLAINT ¶61:**

Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 61.

**COMPLAINT ¶62:**

As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 62.

<u>**COUNT III**</u>
**Violation of Americans with Disabilities Act**
**(Retaliation)**

**<u>COMPLAINT ¶63:</u>**

Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

**<u>ANSWER:</u>**

ALDI incorporates by reference its answers to Paragraphs 1-43 as if fully set forth herein.

**<u>COMPLAINT ¶64:</u>**

Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

**<u>ANSWER:</u>**

ALDI denies the allegations in Complaint Paragraph 64.

**<u>COMPLAINT ¶65:</u>**

During Plaintiff's employment with Defendant, Plaintiff requested reasonable accommodations.

**<u>ANSWER:</u>**

ALDI admits that during her employment, Plaintiff requested one or more accommodations. ALDI denies the remaining allegations in Complaint Paragraph 65.

**<u>COMPLAINT ¶66:</u>**

As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

**<u>ANSWER:</u>**

ALDI denies the allegations in Complaint Paragraph 66.

**<u>COMPLAINT ¶67:</u>**

In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of disability-based harassment or discrimination.

**<u>ANSWER:</u>**

ALDI denies the allegations in Complaint Paragraph 67.

**COMPLAINT ¶68:**

Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory or harassing conduct complained of by Plaintiff.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 68.

**COMPLAINT ¶69:**

By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting accommodations, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 69.

**COMPLAINT ¶70:**

Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 70.

**COMPLAINT ¶71:**

Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 71.

**COMPLAINT ¶72:**

As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 72.

## COUNT IV
### Demand for Relief for Retaliatory Discharge in Violation of Public Policy

**COMPLAINT ¶73:**

Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

**ANSWER:**

ALDI incorporates by reference its answers to Paragraphs 1-43 as if fully set forth herein.

**COMPLAINT ¶74:**

Illinois common law recognizes a cause of action for retaliatory discharge.

**ANSWER:**

ALDI admits the allegations in Complaint Paragraph 74.

**COMPLAINT ¶75:**

Plaintiff's employment was terminated by the Defendant.

**ANSWER:**

ALDI admits the allegations in Complaint Paragraph 75.

**COMPLAINT ¶76:**

Plaintiff's discharge was in retaliation for action of the Plaintiff's protected activity of asserting her rights under the IWCA.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 76.

**COMPLAINT ¶77:**

The termination of Plaintiff's employment violates a clear mandate of public policy.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 77.

**COMPLAINT ¶78:**

By reason of Defendant's retaliation, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under common law.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 78.

**COMPLAINT ¶79:**

Defendant intentionally interfered, restrained, and retaliated against Plaintiff after she was injured on the job, sought medical attention, and exercised her rights pursuant to the IWCA.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 79.

**COMPLAINT ¶80:**

Plaintiff was discharged because of Plaintiff's claiming injury and compensation under the IWCA in violation of (820 ILCS 305/4) Illinois Worker's Compensation Act.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 80.

**COMPLAINT ¶81:**

As a result of said interference, retaliation, and discharge, Plaintiff has suffered damages, including but not limited to loss of earnings, loss of ability to earn money, and mental anguish. The losses have occurred in the past and will continue in the future.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 81.

**COUNT V**
**Violation of (820 ILCS 305/4) Illinois Worker's Compensation Act**
**Demand for Relief for Retaliatory Discharge**

**COMPLAINT ¶82:**

Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

**ANSWER:**

ALDI incorporates by reference its answers to Paragraphs 1-43 as if fully set forth herein.

**COMPLAINT ¶83:**

(820 ILCS 305/4) prohibits employers from retaliating against employees for exercising their rights under the Act.

**ANSWER:**

ALDI admits the allegations in Complaint Paragraph 83.

**COMPLAINT ¶84:**

Plaintiff suffered a work injury and sought medical care she was entitled to under (820 ILCS 305/4) Illinois Worker's Compensation Act and exercised her rights.

**ANSWER:**

ALDI lacks knowledge or information sufficient to form a belief as to the allegations in

Complaint Paragraph 84 because they are vague.

**COMPLAINT ¶85:**

Plaintiff was then terminated in retaliation for suffering a work injury and seeking medical care related to this work injury.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 85.

**COMPLAINT ¶86:**

As a result of said interference, retaliation, and discharge, Plaintiff has suffered damages, including but not limited to loss of earnings, loss of ability to earn money, and mental anguish. The losses have occurred in the past and will continue in the future.

**ANSWER:**

ALDI denies the allegations in Complaint Paragraph 86.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a.      Back pay with interest;

b.      Payment of interest on all back pay recoverable;

c.      Front pay;

d.      Loss of benefits;

e.      Compensatory and punitive damages;

 f.  Reasonable attorneys' fees and costs;

 g.  Award pre judgment interest if applicable; and

 h.  Award Plaintiff any and all other such relief as the Court deems just and proper.

**ANSWER:**

This Paragraph constitutes Plaintiff's request for judgment and prayer for relief, to which no answer is required. To the extent an answer is required, ALDI denies that Plaintiff is entitled to judgment, the relief requested in the "Relief Requested" Paragraph, or any other relief whatsoever.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

**ANSWER:**

ALDI admits that Plaintiff demands a trial by jury on all of her claims, but denies that her claims cannot be decided as a matter of law. ALDI also objects to a jury trial on all issues as to which a jury is not permitted as of right or as a matter of law.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting these defenses, ALDI does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. ALDI reserves the right to plead any additional affirmative and other defenses as they may become known during the pendency of this action.

1.  To the extent Plaintiff's claims are based on acts that occurred prior to any applicable statute of limitations, such claims are time-barred.

2.  To the extent Plaintiff failed to exhaust her administrative remedies and/or failed to comply with any procedural prerequisites before bringing her claims, such claims are barred.

3.  To the extent Plaintiff alleges that any employee of ALDI acted in an unlawful manner, such conduct, if it occurred, was outside the course and scope of that individual's

employment, was not authorized or condoned by ALDI, and was undertaken without the knowledge or consent of ALDI. Thus, ALDI is not liable for any such conduct, if it occurred.

4.      Even if some impermissible motive were a factor in any employment decision ALDI made concerning Plaintiff, a claim that ALDI expressly denies, the same decision(s) would have been reached for legitimate business reasons.

5.      ALDI did not have a duty to accommodate Plaintiff because the requested accommodation constituted an undue hardship.

6.      ALDI did not have a duty to accommodate Plaintiff because Plaintiff was not a qualified individual with a disability and no reasonable accommodation existed that would have allowed Plaintiff to perform the essential functions of her job.

7.      ALDI consulted with Plaintiff in good faith to identify and make a reasonable accommodation that would provide Plaintiff with an equally effective opportunity that would not cause an undue hardship on ALDI's business operations.

8.      Plaintiff is not entitled to punitive damages because ALDI made good faith efforts to comply with all applicable anti-discrimination laws.

9.      Any relief to which Plaintiff may be entitled is barred or otherwise affected by the after-acquired evidence doctrine.

10.      To the extent Plaintiff seeks damages and/or other relief for her alleged injuries, conditions or diseases arising out of her employment with ALDI, Plaintiff's claims are barred by the exclusivity provisions of the IWCA.

11.      To the extent Plaintiff failed to mitigate her alleged damages, her recovery, if any, must be reduced accordingly.

WHEREFORE, having fully answered Plaintiff's Complaint, ALDI respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety and with prejudice and award ALDI its costs and expenses as allowed by law, and any and all other relief the Court deems just and proper.

DATED: July 28, 2025

Respectfully submitted,

ALDI INC.

By: /s/ *Mona Smith*
      One of Its Attorneys

Katherine Mendez, Bar No. 6297183
Mona Smith, Bar No. 6276611
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:     (312) 460-5000
Facsimile:     (312) 460-7000
E-mail:  KMendez@seyfarth.com
              mlsmith@seyfarth.com

Attorneys for ALDI INC.

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2025, a true and correct copy of the foregoing "ANSWER TO COMPLAINT" was electronically filed with the Clerk of the District Court via the Court's electronic case filing/case management (ECF/CM) system, which will send notification of such filing to all counsel of record.

/s/ Mona Smith
One of the Attorneys for ALDI INC.

24

319090817v.5